UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREET M. SINGH,<br><br>       Plaintiff,<br><br>    v.<br><br>AMERICAN POSTAL WORKERS UNION OAKLAND LOCAL 78, et al.,<br><br>       Defendants. | Case No. 19-cv-06659-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 7 |

       The federal defendants' motion to dismiss the third amended complaint is granted. The Court declines to exercise jurisdiction over the claims against the union, the only remaining defendant. *See Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986). Accordingly, the Clerk is directed to remand the case to Alameda County Superior Court.

       For all claims that Singh pursues against the federal employee defendants, the Postal Service has certified that those employees were acting within the scope of their employment. *See* Certification Pursuant to 28 U.S.C. § 2679(d), Dkt. No. 7-1, at 88-89. The determination is made according to principles of California law, because the underlying events took place in California. *Clamor v. United States*, 240 F.3d 1215, 1217 (9th Cir. 2001). Singh alleges that the employees acted maliciously, and he contends that their conduct was therefore beyond the scope of their employment. But the alleged tortious conduct arose out of a workplace dispute, and in California, "willful and malicious torts of an employee may still be within the scope of . . . employment" if they arise out of or relate to work. *See* Report and Recommendation by Magistrate Judge Ryu, Dkt. No. 7-1, at 37-38 (adopted in full, *see* Dkt. No. 7-1, at 62); *McLachlan v. Bell*, 261 F.3d 908, 911-12 (9th Cir. 2001) (explaining that acts "can be within the

scope of his employment . . . even where the employee's torts violate the employer's express rules and confer no benefit on the employer."). Therefore, although the Postal Service's certification can be rebutted by allegations that, if true, would establish by a preponderance of the evidence that the employees' actions exceeded the scope of their employment, Singh has presented no such allegations. *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017). Accordingly, the United States is substituted as the defendant for the remaining claims against the federal employees. *Clamor*, 240 F.3d at 1219 (9th Cir. 2001).

And the Court has already determined that it lacks subject matter jurisdiction over Singh's claims against the United States for assault, battery, intentional infliction of emotional distress, and libel. *See* Report and Recommendation, Dkt. No. 7-1, at 51-53. The remaining claims all relate to proceedings arising out of the alleged battery and smear campaign underlying Singh's complaint. Because the Federal Tort Claims Act bars claims arising from "assault, battery, . . . libel, slander, misrepresentation, [or] deceit," these claims must be dismissed. 28 U.S.C. § 2680(h); *see United States v. Shearer*, 473 U.S. 52, 55 (1985) ("Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee.").

In sum, Singh is simply not permitted to pursue these claims against either the Postal Service or the federal employees named in this lawsuit.

**IT IS SO ORDERED.**

Dated: January 17, 2020

_____
VINCE CHHABRIA
United States District Judge